IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          No. 21mj1138GBW

SHANE ROGER DELGADO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Notice of Appeal of Detention Order (Doc. 13) and Memorandum in Support of Motion for Revocation of Magistrate's Detention Order Pursuant to 18 USC Section 3145(b), (Doc. 20). The United States filed its Brief in Support of Detention, (Doc. 21). A video conference hearing was held in this matter on September 15, 2021. Rachel Feuerhammer appeared for the United States at the hearing, and Barbara Mandel appeared on behalf of Defendant, who was present by video having knowingly waived his right to be physically present for the hearing. *See* (Doc. 22). United States Probation Officer George Herrera was also present at the hearing.

The Court notes that the parties did not introduce any evidence at the hearing but proffered evidence in writing and in open court. The parties did not object to the Court accepting the proffers of evidence without any need for additional evidence or testimony.

The Court has reviewed the Criminal Complaint (Doc. 1); the Pretrial Services Report (Doc. 10); Clerk's Minutes (Doc. 15); Order of Detention Pending Trial, (Doc. 16); Notice of Appeal of Detention Order, (Doc. 13); Memorandum in Support, (Doc. 20); United States' Brief in Support of Detention, (Doc. 21); Amended Pretrial Services Report, (Doc. 29); and

Clarification Regarding Amended Pretrial Services Report [ ], (Doc. 30); and the argument of counsel at the video conference hearing, the Court affirms the Order of the Magistrate Judge, finding Defendant to be a danger and a risk of flight as he is not amenable to orders of the Court and that no condition or combination of conditions will assure the safety of the public or his presence in court. The Court therefore orders Defendant to the custody of the United States Marshal pending trial.

I. *Standard of Review and Applicable Law*

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "[A] defendant may be detained pending trial if a judicial officer finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 616).

In deciding whether to release or detain a defendant pending trial when a crime of violence is not charged,[1] Section 3142(g) provides various factors for the court to consider:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--

---

[1] When a crime of violence is charged, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community…." 18 U.S.C. § 3142(e)(2).

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. Findings

### A. *Nature and Circumstances of the Offense Charged*

Defendant is charged with violating 8 U.S.C. § 1324(a)(1)(A)(ii), transporting illegal aliens. The United States alleges Defendant was encountered by United States Border Patrol driving a vehicle with five passengers, all of whom stated they were in the United States illegally and were not have any documents that authorized them to be in the United States legally. (Doc. 1). There are no facts alleged that the nature and circumstances surrounding the offense by itself includes violence or that the Defendant is a flight risk. This factor weighs in favor or release.

### B. *Weight of the Evidence Against Defendant*

The Criminal Complaint includes the following allegations: On August 5, 2021, at approximately 3:20 a.m., Border Patrol agents were observing traffic on Highway 185, three miles south of the USBP checkpoint when they noticed a white Chevrolet Malibu pass their location with multiple occupants in the rear seat. As the agents followed the Malibu northbound, they noticed the vehicle slowed down as if the driver was searching for a location to pull over. This area is alleged to be commonly used by alien smugglers to drop off aliens to circumvent the checkpoint on foot. As the Malibu came to a stop, the agents pulled behind it to conduct a welfare check. The driver, identified as Defendant, stated he was pulling over to use the bathroom and when asked if there were any passengers in his vehicle, Defendant stated, "Yes."

When asked how many occupants, Defendants stated, he was "just giving some people a ride." The agents ascertained there were five occupants, all of whom stated they were in the United States illegally and that they did not have any documents allowing them to be in or remain in the United States legally. Two of the occupants were interviewed further, one of whom described how he crossed into the United States and was taken to a stash house. He stated he was instructed by the stash house caretaker to board a white vehicle that would be driven by a white male with glasses. He stated he did as instructed and later identified Defendant as the white male who picked them up at the stash house and who was transporting him to another destination in the United States. He also stated Defendant informed them they would be traveling through a USBP checkpoint and instructed them to pretend they were asleep. A second occupant was interviewed. He also identified Defendant as the person who picked them up at a stash house and described circumstances consistent with first occupant interviewed. The weight of the evidence strongly favors detention.

*C. History and Characteristics of Defendant*

Defendant reports he was born in Albuquerque, New Mexico, on December 25, 1976, and except for living in Silver City for six months, is a lifelong resident of Reserve. He further reports his parents and three siblings all live in New Mexico, including a brother who lives in Reserve. He is engaged to Katie Uzueta who resides in Deming, New Mexico. He also has a child, age 24, from a previous relationship with Sharma Hutchinson, both of whom reside in Reserve. He reported having another child, age 21, from a relationship with Keona Aragon, both of whom also reside in Reserve. Defendant does not have an international passport. Defendant attended Reserve High School and graduated in May 1995. He reported he is currently unemployed but proffers he earns income cutting and selling firewood and acting as a hunting

4

guide during hunting season, earning a monthly income of $250-$300 per month. Otherwise, Defendant's last reportable earned income was from approximately 2009. The United States argues, and the Court agrees, that any income in which Defendant possesses a firearm is prohibited because he is a convicted felon, although it is not clear whether the job of a hunting guide, without more evidence, would constitute a violation. The Court finds Defendant's family ties and his ties to the community favor release. Defendant's history of mental illness does not weigh toward detention.

Defendant has a lengthy criminal history, including the following: 1995 charges surrounding livestock theft and unlawful killing and possessing Elk (dismissed in 1998); 1996 charges for disorderly conduct and obstructing a police officer (disposition unknown); 1998 felony conviction for receiving stolen property for which he received a probated sentence; a 1997 charge for burglary (dismissed in 1997); 1997 charge for minor in possession of alcohol; 1997 charge for embezzlement (dismissed in 1997); 1997 charge for unlawful hunting and fishing (nolle pros in 1998); 1999 conviction for assault for which he received a 90-day sentence; 1999 charge for assault (disposition unknown); 2001 conviction for battery upon a peace officer for which he received a 364-day sentence; 2001 charge for criminal sex offense (disposition unknown); 2003 charge of violating a protection order (dismissed in 2004); 2005 federal felony conviction for possessing a firearm as a convicted felon for which he received a 14-month sentence; and a 2007 charge for a drug-related offense (dismissed in 2008). Pretrial Services found no additional criminal history in its investigation.

The Court agrees with Defendant that while he has multiple criminal charges and serious convictions, the most recent on the foregoing list is approximately 13 years old. Indeed, considering the foregoing Section 3142 factors, particularly the number of years since

Defendants purported last criminal conviction, the Court could conclude any risk of flight or danger is mitigated. Indeed, the record in 2003CR1698BB indicates that while Judge Black revoked Defendants Term of Supervised Release in 2011 and imposed a 6-month sentence, he notably allowed Defendant to voluntarily surrender (03CR1698, Doc.129).  Further, Defendant had been ordered released by Magistrate Judge Puglisi earlier that year, (03CR1698, Doc. 124). Defendant asserted he has no other criminal history, and therefore, he should be ordered released.

However, on a closer examination of Defendant's criminal history, including the more recent domestic violence charge from 2019 that came to light during the hearing on this appeal and as described in the Amended Pretrial Services report, this Court finds by a preponderance of evidence that he is a risk of flight and by clear and convincing evidence he is a danger to the community.

Specifically, Defendant has a history of failing to comply with orders of the Court relating to supervision.  In 1999 and 2000, Defendant's probation was revoked because he violated conditions set by the Court. Defendant's conditions of supervised release were revoked at least three times in 03CR1398.  Defendant contends a failure to comply with court orders does not equate to a risk of flight as contemplated by the Bail Reform Act.  The Court disagrees that risk of flight and inability to comply with court orders are severable concepts in this analysis. Moreover, the record before the Court established by clear and convincing evidence Defendant is a danger.

Defendant argues and the Court agrees that the inquiry does not stop there. *United States v. Casado-Hernandez,* 2021 WL 4344053, (citing *United States v. Ailon-Ailon,* 875 F.3d 1334, 1336 (10th Cir. 2017) (Bail Reform Act establishes a two-step process for detaining an individual

before trial). Indeed, viewing the evidence within the Section 3142 factors, the Court concludes there are no conditions or combination of conditions that would assure Defendant's risk of flight or safety of the community. Defendant's mother is either unwilling or unable, or both, to serve as a third-party custodian. The Court also has considered whether Katie Uzueta is a suitable third-party custodian, and when questioned by the Court, Ms. Uzueta stated she is willing to do so while accommodating Defendant in her residence in Deming, New Mexico. Defendant proffers that although Ms. Uzueta uses marijuana with a medical permit, she has agreed to not use marijuana while a third-party custodian. Even so, considering Defendant's failure to comply with conditions and full history, the Court is not persuaded Defendant should be released to Ms. Uzueta's custody.

*III. Conclusion*

Weighing the Section 3142(g) factors and proffered evidence, the Court concludes that a preponderance of the evidence shows that Defendant is a flight risk and by clear and convincing evidence that Defendant is a danger and that no condition or combination of conditions will reasonably assure his appearance as required or the safety of the community. The Order of the Magistrate Judge is affirmed.

IT ORDERED that Defendant remain in pretrial detention in the custody of the United States Marshal pending trial.

_____
UNITED STATES DISTRICT JUDGE